Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

08 - CV 0957A (F)

### FORM TO BE USED IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. 1983
(Prisoner Complaint Form)

*UNITED STATES DISTRICT COURT FILED DEC 2 9 2008 ... EY C. EARLY, ... WESTERN DISTRICT OF NY*

All material filed in this Court is now available via the **INTERNET**.  See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A.      Full Name And Prisoner Number of Plaintiff:  NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. _____ *SEE COMPLAINT* _____

2. _____

### -VS-

**B.      Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.  If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. _____   4. _____

2. _____   5. _____

3. _____   6. _____

*SEE COMPLAINT*

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States.  This action is brought pursuant to 42 U.S.C. § 1983.  The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION  NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff:_____ *SEE COMPLAINT* _____

Present Place of Confinement & Address:_____

_____

_____

Name and Prisoner Number of Plaintiff:_____

Present Place of Confinement & Address:_____

_____

_____

_____

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: _____ *SEE COMPLAINT* _____

(If applicable) Official Position of Defendant: _____

(If applicable) Defendant is Sued in _____ Individual and/or _____ Official Capacity

Address of Defendant: _____

_____

Name of Defendant: _____

(If applicable) Official Position of Defendant: _____

(If applicable) Defendant is Sued in _____ Individual and/or _____ Official Capacity

Address of Defendant: _____

_____

Name of Defendant: _____

(If applicable) Official Position of Defendant: _____

(If applicable) Defendant is Sued in _____ Individual and/or _____ Official Capacity

Address of Defendant: _____

_____

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

**A.**    Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
Yes _X_    No _____

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

Plaintiff(s): _____

Defendant(s): _____

2.    Court (if federal court, name the district; if state court, name the county): *Northern District N.Y.*
*For similiar Const, violation in Clinton Prison*

3.    Docket or Index Number: *CIVIL NO. 9:08-cv-878*

4.    Name of Judge to whom case was assigned: *FREDERICK J. Scullin, Jr. U.S.D.C.J.*

5. The approximate date the action was filed: _August 2008_

6. What was the disposition of the case?

   Is it still pending? Yes X No____

   If not, give the approximate date it was resolved._____

   Disposition (check the statements which apply):

   ____ Dismissed (check the box which indicates why it was dismissed):

   ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

   ____ By court for failure to exhaust administrative remedies;

   ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

   ____ By court due to your voluntary withdrawal of claim;

   ____ Judgment upon motion or after trial entered for

   ____ plaintiff

   ____ defendant.

B. Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

   Yes____ No____

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s):_____

   _____

   Defendant(s):_____

   _____

2. District Court:_____

3. Docket Number:_____

4. Name of District or Magistrate Judge to whom case was assigned:_____

   _____

5. The approximate date the action was filed:_____

6. What was the disposition of the case?

   Is it still pending? Yes____ No____

   If not, give the approximate date it was resolved._____

Disposition (check the statements which apply):

_____ Dismissed (check the box which indicates why it was dismissed):

     _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

     _____ By court for failure to exhaust administrative remedies;

     _____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

     _____ By court due to your voluntary withdrawal of claim;

_____ Judgment upon motion or after trial entered for

     _____ plaintiff

     _____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

## Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

**A. FIRST CLAIM:** On (date of the incident) _____,

defendant (give the **name and position held** of **each defendant** involved in this incident) _____

_____

_____

did the following to me (briefly state what each defendant named above did): _____

_____

_____

_____

_____

_____

_____

_____

The constitutional basis for this claim under 42 U.S.C. § 1983 is: _____

_____

The relief I am seeking for this claim is (briefly state the relief sought): _____

_____

_____

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim?  _X_ Yes _____ No   If yes, what was the result? _Defedats Never_

_Replied_

Did you appeal that decision?  _X_ Yes _____ No   If yes, what was the result? _Defedats never_

_Replied_

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _Defedant Destroyed ?_

_Plintiffs property when he took him to Elmira prison_

**A. SECOND CLAIM:** On (date of the incident) _____,

defendant (give the **name and position held** of **each defendant** involved in this incident) _____

_____

_____

did the following to me (briefly state what each defendant named above did): _____
_____
_____
_____
_____
_____
_____
_____
_____

The constitutional basis for this claim under 42 U.S.C. § 1983 is: _____
_____

The relief I am seeking for this claim is (briefly state the relief sought): _____
_____
_____

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? _____ Yes _____ No   If yes, what was the result? _____
_____

Did you appeal that decision? _____ Yes _____ No   If yes, what was the result? _____
_____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____
_____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

_See "Prayer for Relief"_ _____
_____
_____

Do you want a jury trial?  Yes __X__  No_____

6

6

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on _December 7, 2008_
                    (date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_Ralph Buck Phillip_

Signature(s) of Plaintiff(s)

7

UNITED STATES DISTRICT COURT

WESTERN DISTRICT NEW YORK

  RALPH BUCK PHILLIPS,

                    Plaintiff,

      V.                                    INMATE CIVIL RIGHTS

                                               COMPLAINT

  GLEN GOORD, RICHARD ROY,             PURSUANT TO 42 U.S.C. § 1983

  ERIK KRISS, M. KIRKPATRICT,

  R. MARINACCIO, K. LEBEL, T.              CIVIL ACTION

  DOYLE, F. HENDERSON, J. NEWELL,          NO.

  CHRISTOPHER MOSS, RICHARD RICH,

  ANN "DOE", JOSEPH GERACE, J.S.

  HOVER, L. GREATHOUSE, C. DROWN,

                    Defendants.


    This is a civil rights action filed by Ralph Buck Phillips #06-B-3437,
pro-se, a state prisoner housed in special Housing Unit (SHU) under
"Administrative Segregation" (AS) confinement for an indefinite
time.

    Plaintiff is suing for damages under 42 U.S.C. § 1983;
F.R.C.P. Rule 65(a), in violation of First, Fourth, Sixth,
Eighth and Fourteenth Amendments to the United States
Constitution.

    Alleging: Cruel and Unusual Punishment; Assault;
Retalitory Administrative Segregation Confinement; Retalitory
non contact visits; Retalitory privileges restrictions; Denial to
Law books; Retalitory cell frisks; Denial/obstruction to file

grievances; destroying personal property; Denial to free exercise of religion; Denial of adequate medical care; Denial to exercise outside of cell; unnecessary use of force.

Plaintiff also alleges the torts of negligence.

### JURISDICTION

1. This Court has jurisdiction over plaintiff's claims of violations of Federal Constitutional Rights under 42 U.S.C § 1983; 42 U.S.C. § 1331(a), 1343(a)(3); Declartory Relief under 28 U.S.C. § 2201 and 2202 Rule 65 of Federal Rules of civil Procedure.

### PARTIES

2. Plaintiff: Ralph Buck Phillips, Inmate #06-B-3437
Clinton Prison
P.O. Box 2001
Dannemora, N.Y. 12929

3. Defendant One: Glen Goord, Previous Commissioner, Department of Correctional Services (D.O.C.S)
Bldg. #2, State Campus
Albany, N.Y. 12226-2050

Defendant Two: Richard Roy, Inspector General, (D.O.C.S)
Office of Inspector General
Bldg. #2, State Campus
Albany, N.Y. 12226-2050

<u>Defendant Three:</u>     Erik Kriss, Director of Public Information
office of Public Information
Bld. #2, state Campus
Albany, N.Y. 12226-2050

<u>Defendant Four:</u>     M. Kirkpatrick, Lieutenant (C.E.R.T)
Bldg. #2, state Campus
Albany, N.Y. 12226-2050

<u>Defendant Five:</u>     R. Marinaccio, Sergeant (C.E.R.T)
Bldg. #2, state Campus
Albany, N.Y. 12226-2050

<u>Defendant Six:</u>     K. Lebel, Corrections officer (C.E.R.T)
Bldg. #2, state Campus
Albany, N.Y. 12226-2050

<u>Defendant Seven:</u>     T. Doyle, Corrections officer (C.E.R.T)
Bldg. #2, State Campus
Albany, N.Y. 12226-2050

<u>Defendant Eight:</u>     F. Henderson, Deputy superintendent security (DSS)
Elmira Prison
1879 Davis street, P.O. Box 500
Elmira, N.Y. 14902-0500

<u>Defendant Nine:</u>     J. Newell, N.Y.S. Police Investigator
(specific address unknown)

3

Defendant Ten:    Christopher Moss, Sheriff
                  Chemung County Sheriff Department
                  203 William Street, P.o. Box 588
                  Elmira, N.Y.  14902-0588

Defendant Eleven:  Richard Rich, Public Advocate (attorney)
                   219 Madison Ave
                   Elmira, N.Y.  14902

Defendant Twelve:  Ann "Doe", Nurse
                   Chemung County Jail
                   211 William Street
                   Elmira, N.Y.  14902

Defendant Thirteen:  Joseph Gerace, Sheriff
                     Chautauqua County Jail
                     15 E. Chautauqua Street
                     Mayville, N.Y.  14757

Defendant Fourteen:  J.S. Hover, Sheriff Deputy
                     Chautauqua County Jail
                     15 E. Chautauqua Street
                     Mayville, N.Y.  14757

Defendant Fifteen:  Leslie Greathouse, Social Worker
                    115 Glenwood Ave (Buffalo Half-way House)
                    Buffalo, N.Y.  14202

<u>Defendant Sixteen:</u>            Curtis Drown, Commissioners Hearing officer

Clinton Prison

Cook Street

Dannemora, N.Y.  12929

All Defendants have acted and continue to act, under state law in the state of New York, at all times relevant to this Complaint. All defendants are employees from state and county agencies. All defendants are sued in their individual and official capacities.

<u>FACTS</u>

4.    On November 18, 2005, plaintiff was required to remain in a program at the Buffalo Half-Way House for 90-days.

5.    While at such Half-Way House, he was assigned to Leslie Greathouse, social worker, Defendant.

6.    From the initial interview with Defendant there was some type of tension and as time passed and plaintiff was interviewed weekly, defendant made sexual advances toward him and on two occasions made physical contact by rubbing her breast on his back/neck area and again rubbing her butt against his groin area.

7.    When plaintiff did not respond to defendants sexual contact, she sanctioned him for alleged rule violations.

5

8. On January 5, 2006, plaintiff met with defendant for his weekly scheduled interview and a heated argument ensued concerning defendant's denial of his weekend pass to see his daughter.

Plaintiff accused defendant of retaliating against him because he would not submit to her sexual advances.

9. Upon information and belief, defendant is the daughter of Barbara Kinney, plaintiff's ex-girlfriend from 1990.

10. Defendant was verbally abusive to plaintiff when he made accusations that she was the daughter of Ms. Kinney and told him to get out of her office.

11. On January 6, 2006, while plaintiff was at his job, he was called by a person who identified himself as a parole officer who stated he desired to speak to plaintiff at the parole office at 4 p.m. that day.

12. Upon plaintiff arriving at the parole office that day, he was told he was being taken into custody for making "threats".

13. Approximately January 9, 2006, plaintiff was given a report written by defendant Leslie Greathouse which stated he intended "to harm and slay his family."

14. On March 1, 2006, a final revocation hearing was held concerning plaintiff's parole and defendant

provided further false testimony against him which resulted in his parole being revoked and being restored to the "Willard Drug Treatment Program."

15. Upon plaintiff finding out he was going to be further sanctioned for lies, he escaped on April 2, 2006.

16. On September 8, 2006, plaintiff was taken into custody and charged with shooting three N.Y.S. police officers and varies other crimes.

17. On September 9, 2006, plaintiff was taken to a state police barracks in Chemung County where Defendant J. Newell, N.Y.S. Police Investigator questioned him.

18. Plaintiff was handcuffed to a wall in an office and upon Defendant J. Newell inquiring of the two troopers shot behind his daughter's mother's home, plaintiff told defendant outright he had nothing to say, he desired to speak to his attorney.

19. Defendant stated to plaintiff that his daughter was charged with felony assault upon two police officers and her mother was charged with Accessory to murder and if he didn't want to see them go to prison, he would cooperate and they would drop the charges. Plaintiff complied.

20. Upon plaintiff providing a statement he was taken to

the Chemung County Jail where Defendant, Christopher moss, sheriff, placed plaintiff into "Administrative Segregation" and non contact visits.

21. Plaintiff was required to spend approximately one week in a cell with nothing but a mat and he had no clothes, only a "smock".

22. A guard was posted 24 hours per day at a desk directly in front of plaintiffs cell and such guard kept a log book, documenting plaintiffs every move.

23. Plaintiff made numerous requests in writing to Defendant Moss to be given a hearing for his (AS) confinement; to be allowed to exercise outside his cell; to be allowed contact visits; to receive medical care for his back; to have access to law books from the jail library; to be able to practice his native American religious beliefs; that his guards stop searching and tearing up his cell everyday.
   Defendant never answered any of plaintiffs requests nor his grievances.
   Defendants only statement was that he had authority from the Commissioner of Corrections, Glen Goord, to do as he saw fit with plaintiff.

24. Between September and December 2006, Defendant, Richard Rich, Public advocate who was court appointed to plaintiff,

8

provided false information to him about his family which was the sole basis for his entering guilty pleas, so that such alleged charges would be dropped against his family.

25. Defendant stated that his daughter was charged with Felony Assault upon police officers and her mother accessory to murder-charges which were untrue and plaintiff would not find out the true nature of charges until he was convicted approximately three months after his arrival to prison.

26. On December 21, 2006, Defendant, Christopher Moss, Sheriff, and a number of unknown deputies transferred plaintiff down the street to Elmira Prison.

As plaintiff was escorted to a police car he asked Defendant where his personal property was which he arrived with the evening before. Defendant stated "Gone, just like you'll be shortly."

Plaintiff attempted to engage Defendant further to explain but he refused to and ignored plaintiff.

27. Upon plaintiff arriving to Elmira prison he was met by Defendants K. Lebel, Corrections officer and T. Doyle, Corrections officer, both members of Special Correctional Services "C.E.R.T."

28. Plaintiff was escorted to a "strip room" made of cinder block approximately 6×9 feet with a cloth curtain pulled accross its entrance.

29. Plaintiff's mechanical restraints (handcuffs, waist chain and leg shackles) were removed and he was required to relinquish the county jumpsuit he wore and to be "strip frisked".

Upon such procedure being concluded he was provided a set of prison greens and upon being fully attired he placed his hands on the wall over his head in the "pat frisk" stance.

30. Approximately ten seconds after he stood, Defendant K. Lebel to plaintiff, "Turn around and face me." Plaintiff complied and resumed a military "at ease" stance.

31. Defendant, K. Lebel, peeked through the curtain to speak to Defendants M. Kirkpatrick, Lieutenant (C.E.R.T) and R. Marinaccio, Sergeant (C.E.R.T) for approximately fifteen seconds and then he closed up the curtain so that it was approximately two inches open.

32. Defendant, K. Lebel, turned away from the curtain and lunged at plaintiff grabbing him by the throat with his right hand and slammed his head violently against the back wall stating "Your days of media glory are over."

33. As soon as plaintiff was slammed into the wall, Defendant K. Lebel continued to choke him and at this time nodded to T. Doyle, Defendant, who placed his left hand on

10

plaintiff's chest pinning him to the wall and began striking plaintiff in the left upper part of his leg with his open heel of his right hand whereupon plaintiff raised his left leg to block a possible groin strike.

34. Approximately four seconds after Defendants attacked plaintiff, Defendant F. Henderson, Deputy Superintendent of Security, pulled open the curtain and momentarily stood watching plaintiff being attacked before he stated to the other Defendants to "knock it off."

35. Upon Defendant F. Henderson speaking, Defendants K. Lebel and T. Doyle looked back to see who had spoke but continued to attack plaintiff.

36. When Defendants K. Lebel and T. Doyle ignored Defendant F. Henderson, Defendant Henderson stated again "I said knock the shit off!"

37. Defendants K. Lebel and T. Doyle obeyed Defendants F. Henderson and Defendant K. Lebel stepped away from plaintiff and told Defendant F. Henderson "He made a move on us, sir."

38. Defendant F. Henderson waved off Defendant K. Lebel and told both Defendants K. Lebel and T. Doyle to get out and make sure they left reports on

18

his desk before they left the facility.

39.  Plaintiff was required to strip to his shorts and photos were taken of his entire body.

40.  upon being reattired he was briefly saw by a medical person and then was taken to a room where Defendant F. Henderson awaited and asked plaintiff what happened. Plaintiff expounded and upon his statement Defendant expressed that plaintiff "Should keep a low profile because there wouldn't always be a supervisor around to bail him out."

41.  Plaintiff was taken back to the frisk room where he was attacked and was placed into restraints by Defendant K. Lebel who stated to him "I don't want to hear one fuckin' word from you the entire trip, understand!"

42.  Plaintiff was taken to a van outside. Defendant R. Marinaccio, sat in the passenger seat up front, Defendant T. Doyle sat in the very back seat and Defendant K. Lebel kneeled just behind the front passenger seat holding a cam corder pointed towards plaintiff.

43.  The van stopped some miles later so that Defendants could purchase food stuffs and relieve themselves. At such stop, Defendant R. Marinaccio, turned in

his seat to state to Defendant K. Lebel, "I tried to warn you guys the Dep was coming...."

44. Defendant K. Lebel immediately turned his head towards Defendant R. Marinaccio and brought his finger to his lips to Shhh Defendant R. Marinaccio from further speaking and then pointed to the cam corder Shaking his head "No".

45. Upon information and belief, plaintiff believes that had Defendant K. Lebel not intervened to prevent Defendant R. Marinaccio from speaking, such statement would have revealed that Defendant R. Marinaccio desired to 'warn' Defendants K. Lebel and T. Doyle that Defendant F. Henderson's presence was in the area, so that they would not be 'caught' attacking plaintiff.

46. On December 21, 2006, Defendants F. Henderson, M. Kirkpatrick, R. Marinaccio, K. Lebel, T. Doyle, wrote reports which were false concerning the attack on plaintiff.

47. On January 3, 2007, a Tier-3 disciplinary hearing was conducted concerning the misbehavior report written by K. Lebel and witnessed by the other Defendants. Such hearing was conducted by Defendant Curtis Drowns, Commissioners hearing officer.

48. Testimony was given by Defendants F. Henderson and K. Lebel. Such oral testimony by Defendant F. Henderson stated that he [saw] Defendants K. Lebel's right [hand] around plaintiff's neck.
     Defendant C. Drowns found plaintiff guilty of violating rules and Sanctioned him to 200 days.

49. After the hearing was concluded plaintiff asked Defendant C. Drowns how he could find him guilty when the evidence clearly indicated the Defendants were lying.

50. Defendant C. Drowns stated "Phillips- your in prison for killing police officers - you don't really believe you'll ever be treated fairly, do you ?"

51. Plaintiff appealed such decision and such was granted. The reason for the reversal stated "Failure to resolve Inconsistencies in testimony of employee witnesses."

52. On or about October 1, 2008, Defendant Erik Kriss, Director of Public Information for the Department of Correctional Services (D.O.C.S) did provide varies Newspaper publications with untrue and misleading testimony which gave the public at large the impression plaintiffs' confinement to solitary confinement was the direct of his

14

result of his misbehavior to smuggle "explosives" into
the prison.

### STATEMENT of Claims

53. _First Claim_: On January 5, 2006, Defendant, Leslie
Greathouse, social worker, knowingly and
intentionally with wanton malicious intent to
retaliate against plaintiff to deprive him
of his liberty, did file a false report
against him resulting in his being taken into
custody.

The Constitutional basis for this claim under 42 U.S.C. §1983 is:
8th., 14th. Amendments.

54. _Second Claim_: On March 1, 2006, Defendant, Leslie Greathouse,
social worker, knowly and intonelly with wanton
malicious intent to retaliate against plaintiff
to deprive him of his liberty, did testify
falsely at his final revocation parole
hearing resulting in his parole being revoked.

The Constitutional basis for this Claim under 42 U.S.C. §1983 is:
8th., 14th. Amendments.

55. _Third Claim_: On September 9, 2006, Defendant, J. Newell,

state police Investigator, knowingly and intentionally with wanton malicious intent did deprive plaintiff his right to counsel and provide him with false information about his family to illegally illicit a statement from him, while plaintiff was previously represented by counsel.

The Constitutional basis for this Claim under 42 u.s.c. §1983 is: 5th., 6th., 14th. Amendments.

56. <u>Fourth Claim</u>: On September 9, 2006, Defendant, Christopher Moss, Sheriff, Glen Goord, Commissioner of D.o.c.s, Richard Roy, Inspector General, knowingly, intentionally with wanton malicious intent to retaliate against plaintiff for the alleged shooting of three N.Y.S. police, conspired to place plaintiff into Administrative Segregation, non contact visits without due process of law.

The Constitutional basis for this Claim under 42 u.s.c §1983 is: 8th., 14th. Amendments.

57. <u>Fifth Claim</u>: On September 9 to November 29, 2006, Defendant, Christopher Moss, Sheriff, knowingly, intentionally with wanton malicious intent confine plaintiff and continue such confinement to Administrative Segregation without a hearing; Denied plaintiff his right to

to practice his religious beliefs; Denied him access to law
books; Denied him adequate medical attention to serious
needs; Denied him all exercise; Subjected him to
retalitory cell frisks everyday.

The Constitutional basis for this claim under 42 u.s.c § 1983 is:
1st., 4th., 8th., 14th. Amendments.

58. <u>Sixth Claim</u>: On December, 21, 2006, Defendant, Christopher
Moss, Sheriff, Knowingly, intentionally with
malicious intent to retaliate against plaintiff
for filing grievances, destroyed all of his
personal property and legal documents to
cover up Defendats wrong doings against
plaintiff.

The Constitutional basis for this claim under 42 u.s.c § 1983 is:
1st., 4th., 8th., 14th. Amendments.

59. <u>Seventh Claim</u>: On September 9 to December 20, 2006,
Defendant, Richard Rich, Public Advocate
Knowingly, intentionally with wanton malicious
intent to prejudice plaintiff from receiving
a fair trial, did provide him with false
information to induce him to plead guilty
to charges he was not guilty of.

The Constitutional basis for this claim under 42 U.S.C. § 1983 is: 5th., 6th., 14th. Amendment.

60. <u>Eighth Claim</u>: On September 9 to November 29, 2006, Defendant, Ann "DOE", Nurse, Knowingly, intentionally, was deliberately indifferent to plaintiff's serious medical needs by depriving him adequate attention to his chronic back pain.

The Constitutional basis for this claim under 42 U.S.C § 1983 is: 8th. Amendment.

61. <u>Ninth Claim</u>: On November 29, 2006, Defendant, J.S. Hover, Deputy Sheriff, Knowingly, intentionally with malicious intent to harm plaintiff while he was in full mechanical restraints, without cause to do so, did "shock" plaintiff twice by activating the "security belt" he wore while being transported from Chemung to Chautauqua County Jail.

The Constitutional basis for this claim under 42 U.S.C § 1983 is: 8th. Amendment.

62. <u>Tenth Claim</u>: On December 20, 2006, Defendant, J.S. Hover, Deputy Sheriff, Knowingly, intentionally

18.

with wanton malicious to harm plaintiff by filing a false four page, single spaced, typed supporting Desposition against plaintiff which is used presently to hold plaintiff in Administrative Segregation.

The Constitutional basis for this claim under 42 u.s.c § 1983 is: 8 th., 14th. Amendments.

63. _Eleventh Claim:_ On November 29 to December 20, 2006, Defendant, Joseph Gerace, Sheriff, Knowingly, intentionally conspired with Defendants Glen Goord, Commissioner and Richard Roy, Inspector General, with wanton malicious intent to retaliate against plaintiff by placing him into Administrative Segregation and non contact visits for the alleged Shootings of state Police.

The Constitutional basis for this Claim under 42 u.s.c. § 1983 is: 8 th., 14th. Amendments.

64. _Twelveth Claim:_ On November 29 to December 20, 2006, Defendant Joseph Gerace, Sheriff, Knowingly, intentionally with wanton malicious intent to retaliate against plaintiff for the alleged Shootings of state police and for filing grievances, denied plaintiff any hearing to challenge his Administrative Segregation confinement, denied

him any exercise, contact visits, law books, medical
attention to serious needs, the right to practice his religious
beliefs, the right to file grievances.

The Constitutional basis for this claim under 42 U.S.C § 1983 is:
1st., 6th., 8th., 14th. Amendment.

65. _Thirteenth Claim_: On December 21, 2006, Defendants, M.
Kirkpatrick, Lieutenant, R. Marinaccio,
Sergeant, K. Lebel, Corrections officer, T. Doyle,
Corrections officer, Knowingly, intentionally
with wanton malicious intent conspired
together and seperately to assault plaintiff
without cause to do so in retaliation for
plaintiff's shooting three state Police officers.

The Constitutional basis for this Claim under 42 U.S.C § 1983 is:
8th. Amendment.

66. _Fourteenth Claim_: On December 21, 2006, Defendants, K. Lebel
Corrections officer, Knowingly, intentionally with
wanton malicious intent to cause harm,
assaulted plaintiff by grabbing him by the
throat and slamming his head into a cinder
block wall without cause to do so.

The Constitutional basis for this claim under 42 U.S.C. § 1983 is:

8th. Amendment

67. <u>Fifteenth Claim</u>: On December 21, 2006, Defendant, T. Doyle, Corrections officer, knowingly, intentionally, with wanton malicious intent to cause harm. did assault plaintiff by striking him with his open heel of his hand a number of times without cause to do so, in the leg.

The Constitutional basis for this Claim under 42 u.s.c § 1983 is: 8th. Amendment.

68. <u>Sixteenth Claim</u>: On December 21, 2006, Defendats, M. Kirkpatrick, Lieutenent, R. Marinaccio, Sergeant, F. Henderson, Deputy superintendent of security, K. Lebel, Corrections officer, T. Doyle, Corrections officer, knowingly, intentionally with wanton malicious intent to harm, conspired together and seperately to file false reports to conceal the attack upon plaintiff, without cause to do so.

The Constitutionall basis for this claim under 42 u.s.c § 1983 is: 8th., 14th. Amendments.

69. <u>Seventeeth Claim</u>: On January 3, 2007, Defendant, Curtis Drown, Commissioner's Hearing officer,

Knowingly, intentionally with wanton malicious intent to harm did find plaintiff guilty based upon defendant's partiality to retaliate against plaintiff for the alleged shootings of three state police officers.

The Constitutional basis of this claim under 42 u.s.c. § 1983 is:

70. <u>Eighteen Claim</u>: On or about october 1, 2008, Defendant Erik Kriss, Director of Public Information for D.O.C.S, Knowingly, intentionally with wanton malicious intent to harm, did file misleading and false information to the news media in retaliation against plaintiff for filing grievances and for expressing his views to the media.

The Constitutional basis for this claim under 42 u.s.c § 1983 is: 1st., 8th., 14th. Amendment.

The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herin. Plaintiff has been and will continue to be irreparably injured by the conduct of Defendants unless this Court grants the declaratory relief which plaintiff seeks.

71.                         <u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff respectfully prays that

22

this Court enter judgment
        GRANTING plaintiff:

1. A Declaration that the acts described herein violated plaintiff's rights under the Constitutional and the laws of the united states.

2. Compensatory Damages in the amount of Twenty-Thousand dollars ($20,000.00) against each Defendant, jointly and severally.

3. Punitive Damages in the amount of Five-Thousand ($5,000.00) against each Defendant

4. A Jury Trial on all issues triable by a Jury.

5. Plaintiff's costs in this suit.

6. Any additional relief this Court deems just, proper, and equitable.

    Dated:

                                Respectfully Submitted,
                                Ralph Buck Phillips
                                Ralph Buck Phillips
                                Clinton Prison (06-B-3437)
                                P.o. Box 2001
                                Dannemora, N.Y.  12929
                                Pro-se

COPY #1