UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Ralph Buck Phillips,

                Plaintiff,

**Hon. Hugh B. Scott**

08CV957A

      v.

**Report & Recommendation**

Glen Goord, et al.,

                Defendants.

Before the Court is the defendant Glen Goord's motion to dismiss (Docket No. 13).

**Background**

The plaintiff, Ralph Buck Phillips ("Phillips"), commenced this action pursuant to 42 U.S.C. §1983 alleging that his civil rights were violated by defendants Glen Goord, Commissioner of the New York State Department of Correctional Services ("Goord"), Christopher Moss, Chemung County Sheriff ("Moss"), Ann Daniels, a nurse at the Chemung County Jail ("Daniels"), Joseph Gerace, Chautauqua County Sheriff ("Gerace"), and J. S. Houer, a Chautauqua County Deputy Sheriff ("Hover").

Count 1 of the Amended Complaint, alleges that Moss deprived him of sheets, blankets, clothing and hygiene products for approximately seven days. (Docket No. 9 at page 14). Count 2 asserts that Moss deprived Phillips of access to law books and a telephone. (Docket No. 9 at

page 14). In Count 3, the plaintiff alleges that on September 9, 2006, Moss restricted him to non-contact visits. (Docket No. 9 at page 15). Count 4 asserts that on September 15, 2006, Moss prevented him from practicing his Native American religion by refusing to allow him to "smudge." (Docket No. 9 at page 15). In Count 5, Phillips claims that Moss deprived the plaintiff the right to daily exercise. (Docket No. 9 at page 16). Count 6 alleges that Moss improperly placed him in administrative segregation at the Chemung County Jail. (Docket No. 9 at page 16).Count 7 asserts that Moss and Daniels were deliberately indifferent to Phillips' serious medical needs. (Docket No. 9 at page 17). In Count 8, Phillips asserts that Moss destroyed or stole all of the plaintiff's personal property to conceal the wrong doing. (Docket No. 9 at page 17). In Count 9, Phillips states that while he was in transit he was required to wear an electronic belt and that Hover intentionally "shocked" him without cause. (Docket No. 9 at page 18). Count 10 asserts that Gerace improperly placed him in administrative segregation at the Chautauqua County Jail. (Docket No. 9 at page 18). Phillips' Count 11 claims that on November 29, 2006, Gerace improperly restricted him to non-contact visits. (Docket No. 9 at page 18). Count 12 asserts that Gerace deprived him of his right to exercise for 22-days. (Docket No. 9 at page 19). Count 13 alleges that Gerace prevented Phillips from practicing his Native American religion . (Docket No. 9 at page 19). In Count 14, Phillips asserts that Gerace was deliberately indifferent to his serious medical needs. (Docket No. 9 at page 29). Finally, in Count 15, Phillips claims that Gerace denied him access to law books. (Docket No. 9 at page 20).

To the extent the plaintiff asserted claims based upon a denial of access to the courts (Counts 2 and 15), these claims were previously dismissed with prejudice by the Court. (Docket No. 10).

**Discussion**

Defendant Goord has filed a motion to dismiss on the grounds that the plaintiff was not in the custody of the Department of Correctional Services ("DOCS") at the time of the alleged conduct upon the claims in this case are based. It is undisputed that the conduct upon which the claims in this case are based occurred while Phillips was in the custody of either the Chemung County Sheriff or the Chautauqua County Sheriff.

It is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994). Plaintiff must allege a "tangible connection between the acts of a defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir.1986). The doctrine of *respondeat superior* is not applicable to § 1983 actions brought against prison officials. Monell v. Dep't of Social Serv. of New York, 436 U.S. 658, 692 (1978); Bass, 790 F.2d at 263. Further, the Supreme Court has clarified the pleading standard required to withstand a motion to dismiss. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1950 (2009) (internal citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 565-66 (2007). Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions. Iqbal,

129 S.Ct. at 1950-51. "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir.2010) (quoting Iqbal, 129 S.Ct. at 1950). The Court must then consider the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief. Iqbal, 129 S.Ct. at 1951; see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir.2009).

None of the specific 15 causes of action included in the Amended Complaint refer to any conduct by Goord. In the general allegations of the Amended Complaint, Phillips asserts that Moss told Phillips that until Moss spoke with Goord, Phillips would not get anything because he was under administrative segregation (Docket No. 9 at page 4); that Moss allegedly told Phillips that if Phillips did not like Moss's answers, Phillips could file a complaint with Goord (Docket No. 9 at page 5); that Moss allegedly told Phillips that Moss would not provide Phillips with anything except that which Goord told Moss to provide to Phillips (Docket No. 9 at page 5-6); that Phillipps wrote a letter to Goord complaining of his treatment at the Chemung and Chautauqua county jails (Docket No. 9 at page 13).

The Amended Complaint fails to allege any personal involvement on the part of Goord in the conduct underlying the plaintiff's claims in this case. The plaintiff has failed to articulate a basis upon which to find that the Chemung County Jail or the Chautauqua County Jail are supervised by Goord. The plaintiff has failed to articulate any basis upon which to find that Goord has any administrative control over those facilities or over defendants Moss and Gerace. The comments allegedly made by Moss to Phillips are insufficient to make Goord liable for any decisions made at the Chemung County Jail. Inasmuch as Goord is not the supervisor of Moss or

Gerace, the fact that Phillips wrote a letter to Goord complaining of the treatment he received while in the custody of Chemung and Chautauqua county is insufficient to impose liability upon Goord for decisions made by the county officials. In response to the instant motion, the plaintiff asserts that because he was on parole and still "owed time" he was under "DOCS jurisdiction" at the time the events took place at the Chemung and Chautauqua County Jails. (Docket No. 19 at pages 2-3). Again, the fact that the plaintiff was on parole did not make Goord responsible for the conduct alleged to have taken place at the county facilities.

Phillips' allegations of conspiracy are also insufficient to maintain his claims against Goord. In order to establish a §1983 conspiracy claim, a plaintiff must demonstrate: (1) an agreement existed between two or more state actors to act in concert to inflict an unconstitutional injury on him; and (2) "an overt act [was] done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.1999); see also Walker v. Jastremski, 430 F.3d 560, 564 n. 5 (2d Cir.2005) ("conclusory or general allegations are insufficient to state a claim for conspiracy under § 1983"); Headley v. Fisher, 2008 WL 1990771 (S.D.N.Y. 2008). "[C]omplaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed." Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir.1977); Allah v. Poole, 506 F.Supp. 2d. 174 (W.D.N.Y. 2007)(conclusory allegations insufficient to maintain claim of a conspiracy by defendants to retaliate against plaintiff); Young v. Shipman, 2007 WL 1064316, at *1 (D.Conn. 2007) ("The conspiracy claim is dismissed because plaintiff's vague, unsupported allegations of conspiracy are insufficient to withstand a motion for summary judgment"). It is well-settled that "[a] plaintiff is not required to list the place and date of defendants['] meetings and the summary of their conversations when he pleads

conspiracy, [however] the pleadings must present facts tending to show agreement and concerted action." Concepcion v. City of New York, 2008 WL 2020363 at *3 (S.D.N.Y. 2008) citing McIntyre v. Longwood Central School Dist., 2008 WL 850263, at *11 (E.D.N.Y. 2008). In the instant case, other than his own conclusory allegations, the plaintiff has failed to articulate a basis upon which to find concerted activity by these defendants.

## Conclusion

Based on the above it is recommended that the motion to dismiss the complaint as against defendant Goord be GRANTED.

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as WDNY Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir.

1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and WDNY Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **<u>Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.</u>**

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 4, 2010